FILED

2008 Sep-24  PM 04:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

2008 SEP 24  PM 2:57

| | |
|---|---|
| **VULCAN MARKETING, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO.** |
| | ) |
| **TECHNICAL CONSUMER** | ) CV-08-AR-1765-S |
| **PRODUCTS, INC.,** | ) |
| | ) |
| **Defendant.** | |

## NOTICE OF REMOVAL

Defendant Technical Consumer Products, Inc. ("TCP" or "Defendant"), by and through its counsel of record and pursuant to 28 U.S.C. §1441, as amended, hereby gives notice of removal of this action to the United States District Court for the Northern District of Alabama. As grounds for this removal, Defendant states as follows:

1.     On or about July 30, 2008, Vulcan Marketing, Inc. ("Vulcan" or "Plaintiff") commenced a civil action against TCP in the Circuit Court of Shelby County, Alabama styled *Vulcan Marketing, Inc. v. Technical Consumer Products, Inc.*, now pending as Case No. CV-2008-900409. The Circuit Court of Shelby County is a state court within this judicial district and this division.

1695273 v1

2.     A copy of the Circuit Court of Shelby County file, which contains

copies of the Summons and Complaint, is attached hereto as composite Exhibit A.

There have been no other process, pleadings or orders served to date other than

those contained in Exhibit A.   A copy of Plaintiff's First Request for Admission is

attached hereto as Exhibit B and Defendant's Response is attached hereto as

Exhibit C.

3.     This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b)

which provides in pertinent part as follows:

> The notice of removal of a civil action or proceeding
> shall be filed within thirty days after the receipt by the
> defendant, through service or otherwise, with a copy of
> the initial pleadings setting forth the claim for relief upon
> which such action or proceeding is based or within thirty
> days after the service of summons upon the defendant,
> such initial pleading has then been filed in court and is
> not required to be served on the defendant, whichever
> period is shorter.
>
> If the case stated by the initial pleading is not removable,
> a notice of removal may be filed within thirty days after
> receipt by the defendant through service or otherwise
> with a copy of an amended pleading, motion, order or
> other paper from which it may first be ascertained that
> the case is one which is or has become   removable,
> except that a case may not be removed on the basis of
> jurisdiction conferred by §1332 of this title more than
> one year after commencement of the action.

4. Defendant was served with a summons and complaint on August 13, 2008, by certified mail. The Plaintiff's complaint did not specify the amount of damages that it was seeking. On August 19, 2008, Defendant served Plaintiff with a Request for Admission asking the Plaintiff to admit it was seeking more than $75,000.00 (excluding interest and costs). *See* TCP's First Requests for Admission, attached hereto as Ex. B. On August 27, 2008, Plaintiff responded by admitting that it was seeking to recover more than $75,000.00 (excluding interest and costs). Vulcan's Response to Defendant's First Requests for Admission, attached hereto as Ex. C. Thus, this Notice of Removal is timely because: (1) it is filed within thirty (30) days of receipt by the Defendant of "other paper" from which it was first ascertained that the case was removable, i.e., receipt of the Plaintiff's response admitting that it was seeking more than $75,000.00 in this action (excluding interest and costs); and (2) this action was commenced less than one year ago.

5. This case is properly removable pursuant to 28 U.S.C. §1441 which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in the state court of which the district courts of the United States have jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such

1695273 v1

action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.

6. This action is properly removable under 28 U.S.C. §1441(a) and (b)

because the United States District Court has original jurisdiction of this case under

28 U.S.C. §1332(a), as amended, which provides in pertinent part as follows:

(a) The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and cost and is between –

(1) citizens of different States . . . .

7. This action could have been originally filed in this court pursuant to

28 U.S.C. §1332 in that there is complete diversity of citizenship between Plaintiff

and Defendant and the amount in controversy exceeds the sum of $75,000.00

(excluding interest and cost).

## DIVERSITY OF CITIZENSHIP

8.     There is one-named plaintiff in this action.   On the face of the Complaint, Plaintiff Vulcan Marketing, Inc. is a corporation organized and existing under the laws of the State of Alabama with its principal place of business in the State of Alabama.  Exhibit A, ¶ 1.

9.     There is one defendant in this action.  Defendant TCP is now, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Ohio.  Exhibit A, ¶ 5-6.

10.    Consequently, complete diversity of citizenship exists between the Plaintiff and Defendant.

## AMOUNT IN CONTROVERSY

11.    Plaintiff alleges two separate counts of breach of contract, one count of promissory estoppel, one count of breach of fiduciary duty, one count of unjust enrichment, one count of fraudulent misrepresentation and suppression, and one count of constructive fraud.  The Plaintiff's Complaint does not specify the amount of damages, interest, and attorneys fees sought by the plaintiff in this action.

12.    Because Plaintiff did not specify the amount of damages being sought, the Defendant served the Plaintiff with a request for admission asking the Plaintiff to admit that they are seeking in excess of $75,000.00 (excluding interest and

costs). *See* Exhibit B. Plaintiff's response admits that it is seeking in excess of $75,000.00 (excluding interest and costs); thus, the amount in controversy requirement is satisfied. *See* Exhibit C.

## **ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED**

13.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

14.    The Defendant has heretofore sought no similar relief.

15.    The prerequisites for removal under 28 U.S.C. §1441 have been met.

16.    A copy of this notice is being filed with the Clerk of the Circuit Court of Shelby County, Alabama, as provided under 28 U.S.C. §1446. Defendant is also giving prompt written notice to the Plaintiff of the filing of this Notice of Removal.

17.    The allegations of this notice are true and correct.

18.    This cause is within the jurisdiction of the United States District Court for the Northern District of Alabama and this case is removable to the United States District Court for the Northern District of Alabama.

19.    If any question arises as to the propriety of removal of this action, TCP requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

1695273 v1

**WHEREFORE**, Defendant Technical Consumer Products, Inc. requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Shelby County, Alabama, to the United States District Court for the Northern District of Alabama.

Dated this 24th day of September, 2008.

Victor L. Hayslip (HAY019)
Kip A. Nesmith (NES007)

Attorneys for Technical Consumer
Products, Inc.

**OF COUNSEL:**

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
vhayslip@burr.com
knesmith@burr.com

1695273 v1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 24th day of September, 2008:

Andrew P. Campbell
Gregory A. Brockwell
Campbell, Gidiere, Lee, Sinclair & Williams, PC
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209

Daniel A. Crowson, Jr.
Crowson, Morrison & Spann, LLC
101 North Main Street
P.O. Box 278
Columbiana, AL 35051

OF COUNSEL

# EXHIBIT A

| State of Alabama<br>**Unified Judicial System**<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br><br>(Not For Domestic Relations Cases) | Case Number:<br>**58-CV-200**<br>Date of Filing:<br>06/11/2008 | **ELECTRONICALLY FILED**<br>6/11/2008 5:12 PM<br>CV-2008-900409.00<br>**CIRCUIT COURT OF**<br>**SHELBY COUNTY, ALABAMA**<br>**MARY HARRIS, CLERK** |
|---|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT OF SHELBY COUNTY, ALABAMA**
**VULCAN MARKETING, INC. v. TECHNICAL CONSUMER PRODUCTS, INC.**

**First Plaintiff:** ☑ Business  ☐ Individual  **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other:

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
  Appeal/Enforcement of Agency Subpoena/Petition to
  Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory
  Judgment/Injunction Election Contest/Quiet Title/Sale For
  Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☑ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**   A ☐ **APPEAL FROM**   O ☐ **OTHER**
**DISTRICT COURT**

R ☐ **REMANDED**   T ☐ **TRANSFERRED FROM** _____
**OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes   ☐ No

**RELIEF REQUESTED:**   ☑ **MONETARY AWARD REQUESTED**   ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**   CAM006   6/11/2008 5:11:54 PM   /s ANDREW CAMPBELL

**MEDIATION REQUESTED:**   ☐ Yes   ☐ No   ☑ Undecided



ELECTRONICALLY FILED
6/11/2008 5:12 PM
CV-2008-900409.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| VULCAN MARKETING, INC., a corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) **Civil Action No.:** |
| TECHNICAL CONSUMER PRODUCTS, INC., a Delaware Corporation doing business in the State of Alabama, and Fictitious Parties 1-10, singular or plural, known or unknown, individuals or entities, which are not known to Plaintiff at this time, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

COMES NOW the Plaintiff, Vulcan Marketing, Inc., a corporation lawfully organized and doing business in the State of Alabama, and files its Complaint against the above-named Defendants, as follows:

### PARTIES

1.  Plaintiff Vulcan Marketing, Inc., is an Alabama corporation, with its headquarters at 1024 Dunnavant Valley Road in Shelby County, Alabama. Plaintiff corporation is principally engaged in the business of marketing products to retailers, on behalf of manufacturers. Plaintiff performs this service in the State of Alabama, as well as in various states across the Southeast.

2.  Defendant Technical Consumer Products, Inc. (hereinafter "TCP") is a Delaware corporation, principally engaged in the manufacture and sale of commercial lighting products. Defendant TCP's products are sold in retail shops across the United

States, including the State of Alabama. Defendant TCP is a successor in interest to an Ohio corporation of the same name.

3. Defendant TCP's headquarters are located at 325 Campus Drive, Aurora, Ohio 44202. Defendant TCP regularly conducts business transactions in the State of Alabama, selling its products directly and/or by agent to retailers in this State.

4. Defendant TCP's registered agent is Ann Fisher-Yan, who may be served with a copy of this Complaint at 29 Annandale Drive, South Russell, Ohio, 44022.

5. Defendant Fictitious Parties 1-10 are those individuals or entities, currently unknown to Plaintiff, who acted as Principal, Agent, Partner, Employee, and/or contracted with Defendant TCP in any and all dealings with Plaintiff, and who are jointly and severally liable for the acts and/or omissions complained about herein.

## BACKGROUND

6. On or about June 16, 1997, Plaintiff and Defendant TCP entered into a "Sales Representative Agreement" (hereinafter "Agreement"), wherein Plaintiff and Defendant TCP agreed that Plaintiff would be Defendant TCP's representative, marketing Defendant TCP's products and services to retail outlets and hardware wholesalers, who are/were Defendant TCP's current and potential customers. A copy of the Agreement is attached hereto as Exhibit 1 and incorporated by reference.

7. Subject to the Agreement, Plaintiff was to be Defendant TCP's sole representative for the States of Alabama, Tennessee, Georgia, North Carolina, South Carolina, Florida, and also for Defendant TCP's "key accounts" with Wal-Mart and Sam's Club.

8. In consideration of Plaintiff's services, Defendant TCP promised and agreed to pay Plaintiff five percent (5%) of all net invoices.

9. In or around March, 2007, Plaintiff discovered that Defendant TCP had not paid Plaintiff according to the Agreement. During the period between June 16, 1997 and April, 2007, Defendant TCP underpaid or failed to pay the full commission due Plaintiff. As examples, but in no way limiting Plaintiff's claims, Plaintiff was paid no commissions on sales to Wal-Mart and Sam's Club instead of the five percent (5%) to which Plaintiff was entitled. For a period of time beginning in or around July of 2000 and ending in or around April of 2007, TCP paid Plaintiff only a one percent (1%) commission on sales made to The Home Depot instead of the five percent (5%) to which Plaintiff was entitled. These and all other underpayments have resulted in substantial gain to TCP to the detriment of Plaintiff.

10. The Agreement is a valid, binding contract that has remained in effect at all relevant times.

11. The calculation of commissions due and owing from Defendant TCP to Plaintiff under the Agreement was performed by TCP and was a matter that was wholly within the knowledge of TCP. TCP knew that Plaintiff had reposed its trust and confidence in TCP and that Plaintiff was at all times relying on TCP to calculate and pay the commissions accurately. TCP at all times represented to Plaintiff that the commissions it paid to Plaintiff were the full and accurate amounts that were due and owing to Plaintiff under the Agreement, and TCP suppressed the fact that it was actually withholding and/or failing to pay substantial sums of money to which Plaintiff was lawfully entitled.

12. Plaintiff has been damaged by Defendant TCP's wrongful acts and/or omissions.

## COUNT ONE

## FIRST BREACH OF CONTRACT

13. Plaintiff adopts and re-asserts each and every factual allegation contained herein.

14. At all relevant times, Plaintiff fully performed its obligations under the Agreement and was entitled to receive its full commissions under the Agreement.

15. Defendant TCP failed to pay Plaintiff according to the terms of the Agreement, by either paying less than the agreed-upon percentage of its net sales in Plaintiff's territory, and/or failing to pay Plaintiff entirely.

16. Defendant TCP's failure to pay Plaintiff according to the Agreement represents a breach of the contract.

17. Due to Defendant TCP's breach of the Agreement, Plaintiff was caused to incur extensive financial damages.

## COUNT TWO

## SECOND BREACH OF CONTRACT

18. Plaintiff adopts and re-asserts each and every factual allegation contained herein.

19. In or around 2007, Plaintiff discovered that Defendant TCP had been marketing and selling products directly to retailers in Plaintiff's territory.

20. By marketing and selling its products directly to retailers, Defendant TCP violated the Agreement, wherein Plaintiff was to "wholly promote TCP's services" within Plaintiff's territory.

21. Defendant TCP's breach of the Agreement caused Plaintiff to lose revenue and income by circumventing Plaintiff's position as Defendant TCP's representative/agent.

22. Plaintiff is entitled to damages in an amount equal to Five Percent (5%) of any and all sales made directly to retailers and/or wholesalers in Plaintiff's territory.

## COUNT THREE

### PROMISSORY ESTOPPEL

23. Plaintiff adopts and re-asserts each and every factual allegation contained herein.

24. The Agreement between the Parties represents a clear and unambiguous promise by Defendant TCP to pay Plaintiff 5% of all net invoices to Defendant TCP's customers in Plaintiff's territory.

25. Defendant TCP and/or Fictitious Parties 1-10 reiterated this promise to Plaintiff, either verbally or in writing, on numerous occasions.

26. In reliance upon this promise, Plaintiff conducted its business, investing time, resources and finances into marketing Defendant TCP's products as outlined in the Agreement.

27. Plaintiff's reliance on this promise was reasonable and foreseeable.

28. Because of Plaintiff's reliance on Defendant TCP's promise, and Defendant TCP's subsequent failure to pay according to the Agreement, Plaintiff has suffered damages in the form of lost revenue.

29. Plaintiff is entitled to damages equal to an amount totaling Five Percent (5%) of Defendant TCP's net sales in Plaintiff's territory, less any amount previously paid to Plaintiff. This amount includes Five Percent of any and all sales made directly to

retailers and/or wholesalers in Plaintiff's territory, as outlined in Count Two of this Complaint, herein.

## COUNT FOUR

### BREACHES OF FIDUCIARY DUTIES

30. Plaintiff adopts and re-asserts each and every factual allegation contained herein.

31. The Agreement between Plaintiff and Defendant TCP created a principal/agent relationship between the Parties. As such, each party was a fiduciary of the other, and owed certain duties to the other Party.

32. Defendant TCP had a duty to compensate Plaintiff according to the Agreement.

33. Defendant TCP further had a duty to allow Plaintiff to market its products as outlined in the Agreement, without the threat of Defendant TCP marketing and selling said products in direct competition with Plaintiff and/or contrary to the Agreement.

34. Defendant TCP breached its fiduciary duty to Plaintiff by failing to compensate Plaintiff in the amount specified in the Agreement, and/or by failing to pay Plaintiff at all.

35. Defendant TCP breached its fiduciary duty to Plaintiff by marketing and/or selling its products directly to retailers and/or wholesalers in Plaintiff's territory.

36. Because of Defendant TCP's breaches of its fiduciary duties to Plaintiff, Plaintiff is entitled to an accounting of Defendant TCP's net receipts and profits, to determine the amount of Defendant TCP's net receipts from sales made in Plaintiff's territory.

37. Plaintiff is further entitled to damages in the amount(s) owed to it by Defendant TCP, subject to the Agreement.

### COUNT FIVE

### UNJUST ENRICHMENT

38. Plaintiff adopts and re-asserts each and every factual allegation contained herein.

39. Because of Plaintiff's efforts in marketing Defendant TCP's products, Defendant TCP received compensation for its sales to retailers and wholesalers.

40. Pursuant to the Agreement, Defendant TCP owed 5% of its net sales to Plaintiff as compensation for Plaintiff's efforts under the terms of the Agreement.

41. Defendant TCP was responsible for the intake of the monies from sales of its products, and responsible for the calculation of Plaintiff's commission. According to the Agreement, Defendant TCP was to retain such funds until the 25th of each month, wherein payment was due to Plaintiff.

42. Because Defendant TCP received said funds due to Plaintiff's efforts, and pursuant to the Agreement, 5% of Defendant TCP's net proceeds from Plaintiff's district belonged to Plaintiff.

43. By failing to pay Plaintiff the percentage owed pursuant to the Agreement, and/or by failing to pay Plaintiff entirely, Defendant TCP withheld funds which in equity and good conscience belonged to Plaintiff.

44. Defendant TCP unjustly enriched itself with monies which in equity and good conscience belonged to Plaintiff.

45. Plaintiff is entitled to payment for its services rendered pursuant to the Agreement, in an amount equal to 5% of Defendant TCP's net sales from Plaintiff's district.

## COUNT SIX

### FRAUDULENT MISREPRESENTATION AND SUPPRESSION

46. Plaintiff adopts and re-asserts each and every factual allegation contained herein.

47. Defendant TCP fraudulently misrepresented that the commission payments that it made to Plaintiff were the full and accurate amounts that were due and owing to Plaintiff under the Agreement.

48. TCP, while at all relevant times under a confidential contractual relationship with Plaintiff and while knowing that Plaintiff had reposed its trust and confidence in TCP, was under a duty to disclose the truth to Plaintiff and instead fraudulently suppressed the fact that it was withholding commission payments from Plaintiff.

49. Plaintiff reasonably relied on TCP's misrepresentations and suppression to its detriment, believing at all relevant times that TCP was in fact paying it the full commissions to which it was entitled when in fact it was being damaged by the substantial underpayments.

### COUNT SEVEN

### CONSTRUCTIVE FRAUD

50. Plaintiff adopts and re-asserts each and every factual allegation contained herein.

51. Defendant TCP's conduct as described above amounted to constructive fraud and a breach of confidence contrary to its duty of good faith and fair dealing toward Plaintiff.

## PRAYERS FOR RELIEF

WHEREFORE, premises considered, Plaintiff prays that this Honorable Court will hold Defendant TCP and Defendants Fictitious Parties 1-10 jointly and severally liable for the actions laid out in Counts One through Seven herein, and order the following relief:

   a. That an accounting be ordered to determine all amounts due and owing to Plaintiff from Defendant TCP and/or Fictitious Parties 1-10;

   b. That Defendant TCP and/or Defendant Fictitious Parties 1-10 be ordered to pay Plaintiff all such amounts;

   c. That an accounting be ordered to determine the amounts of all sales made directly to retailers or wholesalers in Plaintiff's territory, as outlined in Count Two herein;

   d. That Defendant TCP and/or Defendant Fictitious Parties 1-10 be ordered to pay Plaintiff an amount equal to Five Percent (5%) of net sales made directly to retailers or wholesalers in Plaintiff's territory, as outlined in Count Two herein;

   e. That Defendant TCP and/or Fictitious Parties 1-10 be ordered to pay interest on all amounts due and owing to Plaintiff;

   f. That Defendant TCP and/or Defendant Fictitious Parties 1-10 be ordered to pay the costs of this action including, but not limited to, Plaintiff's litigation expenses and attorney's fees, and court costs; and

   g. That this Court will issue such other Orders as necessary to ensure that Plaintiff is compensated according to the Agreement.

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

Respectfully submitted this the 11th day of June, 2008.

/s/ Daniel A. Crowson, Jr.
Daniel A. Crowson, Jr. (CRO-073)

*Counsel for Plaintiff Vulcan Marketing, Inc.*

**OF COUNSEL:**

Crowson, Morrison & Spann LLC
101 North Main Street
P. O. Box 278
Columbiana, AL 35051
Telephone:    (205) 669-2820
Facsimile:     (205) 669-2829

/s/ Andrew P. Campbell
Andrew P. Campbell (CAM-009)
Gregory A. Brockwell (BRO-209)

*Counsel for Plaintiff Vulcan Marketing, Inc.*

**OF COUNSEL:**

Campbell, Gidiere, Lee,
        Sinclair & Williams, PC
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
Telephone:    (205) 803-0051
Facsimile:     (205) 803-0053

**PLEASE SERVE THE FOLLOWING DEFENDANT TCP BY CERTIFIED MAIL:**

Technical Consumer Products, Inc.
c/o Registered Agent Ann Fisher-Yan
29 Annandale Drive
South Russell, OH  44022

| **State of Alabama**<br>**Unified Judicial System**<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>58-CV-2008-900409.00 |
|---|---|---|

### IN THE CIVIL COURT OF SHELBY, ALABAMA
### VULCAN MARKETING, INC. v. TECHNICAL CONSUMER PRODUCTS, INC.

**NOTICE TO** ___TECHNICAL CONSUMER PRODUCTS, INC., C/O ANN FISHER-YAN 29 ANNANDALE DRIVE, SOUTH RUSELL OH, 44022___

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY ANDREW P. CAMPBELL

WHOSE ADDRESS IS 2100A SOUTHBRIDGE PKWY, STE. 450, BIRMINGHAM AL, 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   VULCAN MARKETING, INC.
pursuant to the Alabama Rules of the Civil Procedure

| 6/11/2008 5:12:57 PM | /s MARY HARRIS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s ANDREW P. CAMPBELL |
|---|---|
| | Plaintiff's/Attorney's Signature |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date                                              Server's Signature

**U.S. Postal Service**
**CERTIFIED MAIL — RECEIPT**
*(Domestic Mail Only, No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

# OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

D001

CV-08-900409

Sent To: Technical Consumer Products, Inc
Street, Apt. No.; or PO Box No. 29 Annandale Drive
City, State, ZIP+4 South Russell, Oh 44022

7006 0100 0007 0505 3150

PS Form 3800, June 2002

JM4

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VULCAN MARKETING INC.      *

     Plaintiff,      *

v.      *      CV No.: 2008-900409

TECHNICAL CONSUMER PRODUCTS, INC.      *

     Defendant.      *

RECEIVED AND FILED
MARY H. HARRIS

### ALIAS SUMMONS

JUL 30 2008

CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

NOTICE TO:      Technical Consumer Products, Inc.
c/o Registered Agent Ann Fisher-Yan
29 Annandale Drive
Chagrin Falls, OH 44022

**The complaint which is attached to this summons is very important and you must take immediate action to protect your rights. You or your attorney are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the complaint to the Plaintiff(s) attorney:**

Andrew P. Campbell
CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS, PC
2100A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
(205)803-0051

**This answer must be mailed or delivered within 30 days after this summons and complaint were delivered to you or a judgment by default may be entered against you for the money or other things demanded in the complaint. You must also file the original of your answer with the Clerk of this Court.**

This service by certified mail of this summons is initiated upon the written request of the attorney for the Plaintiff(s) pursuant to Rule 4.1 (c) of the Alabama Rules of Civil Procedure.

_7·30·08_
Date

_Mary H Harris 6h08_
Clerk

svc pkt handed to runner for sps

ELECTRONICALLY FILED
6/11/2008 5:12 PM
CV-2008-900409.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| VULCAN MARKETING, INC.,<br>a corporation,<br><br>     Plaintiff,<br><br>v.<br><br>TECHNICAL CONSUMER PRODUCTS,<br>INC., a Delaware Corporation doing business<br>in the State of Alabama, and Fictitious Parties<br>1-10, singular or plural, known or unknown,<br>individuals or entities, which are not known to<br>Plaintiff at this time,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)    Civil Action No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT

COMES NOW the Plaintiff, Vulcan Marketing, Inc., a corporation lawfully organized and doing business in the State of Alabama, and files its Complaint against the above-named Defendants, as follows:

### PARTIES

1. Plaintiff Vulcan Marketing, Inc., is an Alabama corporation, with its headquarters at 1024 Dunnavant Valley Road in Shelby County, Alabama. Plaintiff corporation is principally engaged in the business of marketing products to retailers, on behalf of manufacturers. Plaintiff performs this service in the State of Alabama, as well as in various states across the Southeast.

2. Defendant Technical Consumer Products, Inc. (hereinafter "TCP") is a Delaware corporation, principally engaged in the manufacture and sale of commercial lighting products. Defendant TCP's products are sold in retail shops across the United

States, including the State of Alabama.  Defendant TCP is a successor in interest to an Ohio corporation of the same name.

3. Defendant TCP's headquarters are located at 325 Campus Drive, Aurora, Ohio 44202.  Defendant TCP regularly conducts business transactions in the State of Alabama, selling its products directly and/or by agent to retailers in this State.

4. Defendant TCP's registered agent is Ann Fisher-Yan, who may be served with a copy of this Complaint at 29 Annandale Drive, South Russell, Ohio, 44022.

5. Defendant Fictitious Parties 1-10 are those individuals or entities, currently unknown to Plaintiff, who acted as Principal, Agent, Partner, Employee, and/or contracted with Defendant TCP in any and all dealings with Plaintiff, and who are jointly and severally liable for the acts and/or omissions complained about herein.

## BACKGROUND

6. On or about June 16, 1997, Plaintiff and Defendant TCP entered into a "Sales Representative Agreement" (hereinafter "Agreement"), wherein Plaintiff and Defendant TCP agreed that Plaintiff would be Defendant TCP's representative, marketing Defendant TCP's products and services to retail outlets and hardware wholesalers, who are/were Defendant TCP's current and potential customers.  A copy of the Agreement is attached hereto as Exhibit 1 and incorporated by reference.

7. Subject to the Agreement, Plaintiff was to be Defendant TCP's sole representative for the States of Alabama, Tennessee, Georgia, North Carolina, South Carolina, Florida, and also for Defendant TCP's "key accounts" with Wal-Mart and Sam's Club.

8. In consideration of Plaintiff's services, Defendant TCP promised and agreed to pay Plaintiff five percent (5%) of all net invoices.

9. In or around March, 2007, Plaintiff discovered that Defendant TCP had not paid Plaintiff according to the Agreement. During the period between June 16, 1997 and April, 2007, Defendant TCP underpaid or failed to pay the full commission due Plaintiff. As examples, but in no way limiting Plaintiff's claims, Plaintiff was paid no commissions on sales to Wal-Mart and Sam's Club instead of the five percent (5%) to which Plaintiff was entitled. For a period of time beginning in or around July of 2000 and ending in or around April of 2007, TCP paid Plaintiff only a one percent (1%) commission on sales made to The Home Depot instead of the five percent (5%) to which Plaintiff was entitled. These and all other underpayments have resulted in substantial gain to TCP to the detriment of Plaintiff.

10. The Agreement is a valid, binding contract that has remained in effect at all relevant times.

11. The calculation of commissions due and owing from Defendant TCP to Plaintiff under the Agreement was performed by TCP and was a matter that was wholly within the knowledge of TCP. TCP knew that Plaintiff had reposed its trust and confidence in TCP and that Plaintiff was at all times relying on TCP to calculate and pay the commissions accurately. TCP at all times represented to Plaintiff that the commissions it paid to Plaintiff were the full and accurate amounts that were due and owing to Plaintiff under the Agreement, and TCP suppressed the fact that it was actually withholding and/or failing to pay substantial sums of money to which Plaintiff was lawfully entitled.

12. Plaintiff has been damaged by Defendant TCP's wrongful acts and/or omissions.

## COUNT ONE

### FIRST BREACH OF CONTRACT

13. Plaintiff adopts and re-asserts each and every factual allegation contained herein.

14. At all relevant times, Plaintiff fully performed its obligations under the Agreement and was entitled to receive its full commissions under the Agreement.

15. Defendant TCP failed to pay Plaintiff according to the terms of the Agreement, by either paying less than the agreed-upon percentage of its net sales in Plaintiff's territory, and/or failing to pay Plaintiff entirely.

16. Defendant TCP's failure to pay Plaintiff according to the Agreement represents a breach of the contract.

17. Due to Defendant TCP's breach of the Agreement, Plaintiff was caused to incur extensive financial damages.

## COUNT TWO

### SECOND BREACH OF CONTRACT

18. Plaintiff adopts and re-asserts each and every factual allegation contained herein.

19. In or around 2007, Plaintiff discovered that Defendant TCP had been marketing and selling products directly to retailers in Plaintiff's territory.

20. By marketing and selling its products directly to retailers, Defendant TCP violated the Agreement, wherein Plaintiff was to "wholly promote TCP's services" within Plaintiff's territory.

21. Defendant TCP's breach of the Agreement caused Plaintiff to lose revenue and income by circumventing Plaintiff's position as Defendant TCP's representative/agent.

22. Plaintiff is entitled to damages in an amount equal to Five Percent (5%) of any and all sales made directly to retailers and/or wholesalers in Plaintiff's territory.

**COUNT THREE**

**PROMISSORY ESTOPPEL**

23. Plaintiff adopts and re-asserts each and every factual allegation contained herein.

24. The Agreement between the Parties represents a clear and unambiguous promise by Defendant TCP to pay Plaintiff 5% of all net invoices to Defendant TCP's customers in Plaintiff's territory.

25. Defendant TCP and/or Fictitious Parties 1-10 reiterated this promise to Plaintiff, either verbally or in writing, on numerous occasions.

26. In reliance upon this promise, Plaintiff conducted its business, investing time, resources and finances into marketing Defendant TCP's products as outlined in the Agreement.

27. Plaintiff's reliance on this promise was reasonable and foreseeable.

28. Because of Plaintiff's reliance on Defendant TCP's promise, and Defendant TCP's subsequent failure to pay according to the Agreement, Plaintiff has suffered damages in the form of lost revenue.

29. Plaintiff is entitled to damages equal to an amount totaling Five Percent (5%) of Defendant TCP's net sales in Plaintiff's territory, less any amount previously paid to Plaintiff. This amount includes Five Percent of any and all sales made directly to

retailers and/or wholesalers in Plaintiff's territory, as outlined in Count Two of this Complaint, herein.

## COUNT FOUR

### BREACHES OF FIDUCIARY DUTIES

30. Plaintiff adopts and re-asserts each and every factual allegation contained herein.

31. The Agreement between Plaintiff and Defendant TCP created a principal/agent relationship between the Parties. As such, each party was a fiduciary of the other, and owed certain duties to the other Party.

32. Defendant TCP had a duty to compensate Plaintiff according to the Agreement.

33. Defendant TCP further had a duty to allow Plaintiff to market its products as outlined in the Agreement, without the threat of Defendant TCP marketing and selling said products in direct competition with Plaintiff and/or contrary to the Agreement.

34. Defendant TCP breached its fiduciary duty to Plaintiff by failing to compensate Plaintiff in the amount specified in the Agreement, and/or by failing to pay Plaintiff at all.

35. Defendant TCP breached its fiduciary duty to Plaintiff by marketing and/or selling its products directly to retailers and/or wholesalers in Plaintiff's territory.

36. Because of Defendant TCP's breaches of its fiduciary duties to Plaintiff, Plaintiff is entitled to an accounting of Defendant TCP's net receipts and profits, to determine the amount of Defendant TCP's net receipts from sales made in Plaintiff's territory.

37. Plaintiff is further entitled to damages in the amount(s) owed to it by Defendant TCP, subject to the Agreement.

## COUNT FIVE

### UNJUST ENRICHMENT

38. Plaintiff adopts and re-asserts each and every factual allegation contained herein.

39. Because of Plaintiff's efforts in marketing Defendant TCP's products, Defendant TCP received compensation for its sales to retailers and wholesalers.

40. Pursuant to the Agreement, Defendant TCP owed 5% of its net sales to Plaintiff as compensation for Plaintiff's efforts under the terms of the Agreement.

41. Defendant TCP was responsible for the intake of the monies from sales of its products, and responsible for the calculation of Plaintiff's commission.  According to the Agreement, Defendant TCP was to retain such funds until the 25th of each month, wherein payment was due to Plaintiff.

42. Because Defendant TCP received said funds due to Plaintiff's efforts, and pursuant to the Agreement, 5% of Defendant TCP's net proceeds from Plaintiff's district belonged to Plaintiff.

43. By failing to pay Plaintiff the percentage owed pursuant to the Agreement, and/or by failing to pay Plaintiff entirely, Defendant TCP withheld funds which in equity and good conscience belonged to Plaintiff.

44. Defendant TCP unjustly enriched itself with monies which in equity and good conscience belonged to Plaintiff.

45. Plaintiff is entitled to payment for its services rendered pursuant to the Agreement, in an amount equal to 5% of Defendant TCP's net sales from Plaintiff's district.

## COUNT SIX

### FRAUDULENT MISREPRESENTATION AND SUPPRESSION

46. Plaintiff adopts and re-asserts each and every factual allegation contained herein.

47. Defendant TCP fraudulently misrepresented that the commission payments that it made to Plaintiff were the full and accurate amounts that were due and owing to Plaintiff under the Agreement.

48. TCP, while at all relevant times under a confidential contractual relationship with Plaintiff and while knowing that Plaintiff had reposed its trust and confidence in TCP, was under a duty to disclose the truth to Plaintiff and instead fraudulently suppressed the fact that it was withholding commission payments from Plaintiff.

49. Plaintiff reasonably relied on TCP's misrepresentations and suppression to its detriment, believing at all relevant times that TCP was in fact paying it the full commissions to which it was entitled when in fact it was being damaged by the substantial underpayments.

### COUNT SEVEN

### CONSTRUCTIVE FRAUD

50. Plaintiff adopts and re-asserts each and every factual allegation contained herein.

51. Defendant TCP's conduct as described above amounted to constructive fraud and a breach of confidence contrary to its duty of good faith and fair dealing toward Plaintiff.

## PRAYERS FOR RELIEF

WHEREFORE, premises considered, Plaintiff prays that this Honorable Court will hold Defendant TCP and Defendants Fictitious Parties 1-10 jointly and severally liable for the actions laid out in Counts One through Seven herein, and order the following relief:

a. That an accounting be ordered to determine all amounts due and owing to Plaintiff from Defendant TCP and/or Fictitious Parties 1-10;

b. That Defendant TCP and/or Defendant Fictitious Parties 1-10 be ordered to pay Plaintiff all such amounts;

c. That an accounting be ordered to determine the amounts of all sales made directly to retailers or wholesalers in Plaintiff's territory, as outlined in Count Two herein;

d. That Defendant TCP and/or Defendant Fictitious Parties 1-10 be ordered to pay Plaintiff an amount equal to Five Percent (5%) of net sales made directly to retailers or wholesalers in Plaintiff's territory, as outlined in Count Two herein;

e. That Defendant TCP and/or Fictitious Parties 1-10 be ordered to pay interest on all amounts due and owing to Plaintiff;

f. That Defendant TCP and/or Defendant Fictitious Parties 1-10 be ordered to pay the costs of this action including, but not limited to, Plaintiff's litigation expenses and attorney's fees, and court costs; and

g. That this Court will issue such other Orders as necessary to ensure that Plaintiff is compensated according to the Agreement.

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

Respectfully submitted this the 11th day of June, 2008.

/s/ Daniel A. Crowson, Jr.
Daniel A. Crowson, Jr. (CRO-073)

*Counsel for Plaintiff Vulcan Marketing, Inc.*

**OF COUNSEL:**

Crowson, Morrison & Spann LLC
101 North Main Street
P. O. Box 278
Columbiana, AL 35051
Telephone:       (205) 669-2820
Facsimile:       (205) 669-2829

/s/ Andrew P. Campbell
Andrew P. Campbell (CAM-009)
Gregory A. Brockwell (BRO-209)

*Counsel for Plaintiff Vulcan Marketing, Inc.*

**OF COUNSEL:**

Campbell, Gidiere, Lee,
      Sinclair & Williams, PC
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
Telephone:       (205) 803-0051
Facsimile:       (205) 803-0053

**PLEASE SERVE THE FOLLOWING DEFENDANT TCP BY CERTIFIED MAIL:**

Technical Consumer Products, Inc.
c/o Registered Agent Ann Fisher-Yan
29 Annandale Drive
South Russell, OH  44022

AVSO701                   ALABAMA JUDICIAL DATA CENTER
                               SHELBY    COUNTY
                              NO SERVICE NOTICE
                                                        CV 2008 900409.00
                                              J. MICHAEL JOINER
----------------------------------------------------------------------------

           IN THE CIRCUIT  COURT OF   SHELBY    COUNTY

    VULCAN MARKETING, INC. V. TECHNICAL CONSUMER PRODUCTS, INC.


        CROWSON DANIEL A JR                 CASE NUMBER: CV 2008 900409 00
        PO BOX 278                          PARTY NUMBER: C001

        COLUMBIANA  AL   35051


    THE SUMMONS AND COMPLAINT                 WAS NOT SERVED ON
    TECHNICAL CONSUMER PRO AND WAS RETURNED ON 08/11/2008 FOR THE
    FOLLOWING REASON: OTHER.

    IF RETURNED, UNDELIVERABLE OR A BAD ADDRESS THEN
    YOU MAY RESUBMIT YOUR COMPLAINT WITH A NEW ADDRESS TO THE
    COURT AND SERVICE WILL BE ATTEMPTED AGAIN.  IF NO ADDRESS IS
    SUBMITTED, THE COURT MAY DISMISS THIS CASE WITHIN 30 DAYS.

        CONCERNING:  TECHNICAL CONSUMER PRODUCTS,
                     C/O ANN FISHER-VAN
                     29 ANNANDALE DRIVE
                     SOUTH RUSELL    ,OH  44022-0000

        NOT DELIVERABLE AS ADDRESSED
        UNABLE TO FORWARD




                    DATE: 08/11/2008   CLERK: MARY H. HARRIS
                                       P.O. BOX 1810
                                       COLUMBIANA  AL  35051
                                       (205) 669-3760

                                       WEBSITE: HTTP://18JC.ALACOURT.GOV
----------------------------------------------------------------------------
OPERATOR: ALS
PREPARED: 08/11/2008

AVSO701

ALABAMA JUDICIAL DATA CENTER
SHELBY       COUNTY
NO SERVICE NOTICE

CV 2008 900409.00
J. MICHAEL JOINER

--------------------------------------------------------------------

IN THE CIRCUIT COURT OF   SHELBY    COUNTY

VULCAN MARKETING, INC. V. TECHNICAL CONSUMER PRODUCTS, INC.

BROCKWELL GREGORY AUSTIN                CASE NUMBER: CV 2008 900409 00
2100-A SOUTHBRIDGE PK WY                PARTY NUMBER:C001
SUITE 450
BIRMINGHAM  AL  35209

THE SUMMONS AND COMPLAINT            WAS NOT SERVED ON
TECHNICAL CONSUMER PRO AND WAS RETURNED ON 08/11/2008 FOR THE
FOLLOWING REASON: OTHER.

IF RETURNED, UNDELIVERABLE OR A BAD ADDRESS THEN
YOU MAY RESUBMIT YOUR COMPLAINT WITH A NEW ADDRESS TO THE
COURT AND SERVICE WILL BE ATTEMPTED AGAIN.  IF NO ADDRESS IS
SUBMITTED, THE COURT MAY DISMISS THIS CASE WITHIN 30 DAYS.

CONCERNING: TECHNICAL CONSUMER PRODUCTS,
C/O ANN FISHER-YAN
29 ANNANDALE DRIVE
SOUTH RUSELL   ,OH  44022-0000

NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

DATE:08/11/2008  CLERK:MARY H. HARRIS
P.O. BOX 1810
COLUMBIANA  AL  35051
(205)669-3760

WEBSITE: HTTP://18JC.ALACOURT.GOV
--------------------------------------------------------------------
OPERATOR: ALS
PREPARED: 08/11/2008

AVSO701

ALABAMA JUDICIAL DATA CENTER
SHELBY       COUNTY
NO SERVICE NOTICE

CV 2008 900409.00
J. MICHAEL JOINER

--------------------------------------------------------------------------

IN THE CIRCUIT  COURT OF   SHELBY    COUNTY

VULCAN MARKETING, INC. V. TECHNICAL CONSUMER PRODUCTS, INC.

CAMPBELL, ANDREW P                    CASE NUMBER: CV 2008 900409 00
SUITE 450                             PARTY NUMBER:C001
2100A SOUTHBRIDGE PKWY
BIRMINGHAM  AL  35209

THE SUMMONS AND COMPLAINT                   WAS NOT SERVED ON
TECHNICAL CONSUMER PRO AND WAS RETURNED ON 08/11/2008 FOR THE
FOLLOWING REASON: OTHER.

IF RETURNED, UNDELIVERABLE OR A BAD ADDRESS THEN
YOU MAY RESUBMIT YOUR COMPLAINT WITH A NEW ADDRESS TO THE
COURT AND SERVICE WILL BE ATTEMPTED AGAIN.  IF NO ADDRESS IS
SUBMITTED, THE COURT MAY DISMISS THIS CASE WITHIN 30 DAYS.

CONCERNING: TECHNICAL CONSUMER PRODUCTS,
C/O ANN FISHER-VAN
29 ANNANDALE DRIVE
SOUTH RUSELL   ,OH  44022-0000

NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

DATE:08/11/2008  CLERK:MARY H. HARRIS
P.O. BOX 1810
COLUMBIANA  AL  35051
(205)669-3760

WEBSITE: HTTP://18JC.ALACOURT.GOV

--------------------------------------------------------------------------
OPERATOR: ALS
PREPARED: 08/11/2008

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Technical Consumer Products, Inc.
C/o Ann Fisher-Yen
29 Amanda Drive
South Russellph 44022

CV-08-900 405 Dcc1

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail     ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7006 0100 0007 0505 3150

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**Hasler**

**MARY H. HARRIS**
**CIRCUIT CLERK, SHELBY COUNTY**
P.O. BOX 1810
COLUMBIANA, ALABAMA 35051

08652658534
$09.790
07/03/2008
Mailed From 35051
US POSTAGE

COLUMBIANA

07

29 Ann
South Russell v

CERTIFIED MAIL

7006 0007 0505 3150

29 Ann
South Russell v

4402266283 C003

UTF

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 9/88 | **SUMMONS**<br>- CIVIL - | **Case Number:**<br>58-CV-2008-900409.00 |
|---|---|---|

### IN THE CIVIL COURT OF SHELBY, ALABAMA
### VULCAN MARKETING, INC. v. TECHNICAL CONSUMER PRODUCTS, INC.

NOTICE TO TECHNICAL CONSUMER PRODUCTS, INC., C/O ANN FISHER-YAN 29 ANNANDALE DRIVE, SOUTH RUSELL OH, 44022

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY ANDREW P. CAMPBELL

WHOSE ADDRESS IS 2100A SOUTHBRIDGE PKWY, STE. 450, BIRMINGHAM AL, 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    VULCAN MARKETING, INC.
pursuant to the Alabama Rules of the Civil Procedure

| 8/1/2008 6:12:57 PM | /s MARY HARRIS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s ANDREW P. CAMPBELL |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____ _____
Date       Server's Signature

### 58-CV-2008-900409.00
### VULCAN MARKETING, INC. v. TECHNICAL CONSUMER PRODUCTS, INC.

| C001 - VULCAN MARKETING, INC. | v. D001 - TECHNICAL CONSUMER PRODUCTS, INC. |
|---|---|
| **Plaintiff** | **Defendant** |

58-CV-2008-900409.00 D001

## SERVICE RETURN COPY

AVSO702

ALABAMA JUDICIAL DATA CENTER
SHELBY      COUNTY
SERVICE NOTICE

CV 2008 900409.00
J. MICHAEL JOINER

```
--------------------------------------------------------------------------
|                                                                        |
|            IN THE CIRCUIT  COURT OF   SHELBY     COUNTY                 |
|                                                                        |
|   VULCAN MARKETING, INC. V. TECHNICAL CONSUMER PRODUCTS, INC.   D001    |
|                                                                        |
|                                                                        |
|       CAMPBELL, ANDREW P               CASE NUMBER: CV 2008 900409 00   |
|       SUITE 450                        PARTY NUMBER: C001               |
|       2100A SOUTHBRIDGE PKWY                                           |
|       BIRMINGHAM  AL  35209                                           |
|                                                                        |
|      YOUR ATTORNEY CODE IS CAM006                                     |
|                                                                        |
|   THE SUMMONS AND COMPLAINT           WAS SERVED ON TECHNICAL CONSUMER PRO |
|   ON 08/13/2008 BY: PROCESS SERVER.                                    |
|                                                                        |
|      CONCERNING: TECHNICAL CONSUMER PRODUCTS,                          |
|                  C/O ANN FISHER-YAN                                    |
|                  29 ANNANDALE DRIVE                                    |
|                  SOUTH RUSELL    ,OH  44022-0000                       |
|                                                                        |
|                                                                        |
|                                                                        |
|                                                                        |
|                                                                        |
|                                                                        |
|                                                                        |
|              DATE:09/15/2008  CLERK:MARY H. HARRIS                     |
|                               P.O. BOX 1810                            |
|                               COLUMBIANA  AL  35051                    |
|                               (205)669-3760                           |
|                               WEBSITE: HTTP://18JC.ALACOURT.GOV        |
--------------------------------------------------------------------------
OPERATOR: ALS
PREPARED: 09/15/2008
```

AVSO702                       ALABAMA JUDICIAL DATA CENTER
                                   SHELBY      COUNTY
                                 SERVICE NOTICE
                                                      CV 2008 900409.00
                                            J. MICHAEL JOINER
------------------------------------------------------------------------
              IN THE CIRCUIT  COURT OF   SHELBY      COUNTY

     VULCAN MARKETING, INC. V. TECHNICAL CONSUMER PRODUCTS, INC.        D001


          CROWSON DANIEL A JR                CASE NUMBER: CV 2008 900409 00
          PO BOX 278                         PARTY NUMBER: C001

          COLUMBIANA  AL   35051

          YOUR ATTORNEY CODE IS CRO073

     THE SUMMONS AND COMPLAINT            WAS SERVED ON TECHNICAL CONSUMER PRO
     ON 08/13/2008 BY: PROCESS SERVER.

          CONCERNING:  TECHNICAL CONSUMER PRODUCTS,
                       C/O ANN FISHER-YAN
                       29 ANNANDALE DRIVE
                       SOUTH RUSELL    ,OH   44022-0000




                    DATE:09/15/2008   CLERK:MARY H. HARRIS
                                            P.O. BOX 1810
                                            COLUMBIANA  AL   35051
                                            (205)669-3760
                                      WEBSITE: HTTP://18JC.ALACOURT.GOV
------------------------------------------------------------------------
OPERATOR: ALS
PREPARED: 09/15/2008

```
AVSO702                   ALABAMA JUDICIAL DATA CENTER
                                SHELBY      COUNTY
                               SERVICE NOTICE
                                                        CV 2008 900409.00
                                                   J. MICHAEL JOINER
------------------------------------------------------------------------
|                                                                        |
|              IN THE CIRCUIT  COURT OF   SHELBY     COUNTY              |
|                                                                        |
|    VULCAN MARKETING, INC. V. TECHNICAL CONSUMER PRODUCTS, INC.    D001 |
|                                                                        |
|                                                                        |
|        BROCKWELL GREGORY AUSTIN            CASE NUMBER: CV 2008 900409 00|
|        2100-A SOUTHBRIDGE PK WY           PARTY NUMBER:C001            |
|        SUITE 450                                                       |
|        BIRMINGHAM  AL   35209                                         |
|                                                                        |
|        YOUR ATTORNEY CODE IS BRO209                                   |
|                                                                        |
|    THE SUMMONS AND COMPLAINT             WAS SERVED ON TECHNICAL CONSUMER PRO|
|    ON 08/13/2008 BY: PROCESS SERVER.                                  |
|                                                                        |
|        CONCERNING: TECHNICAL CONSUMER PRODUCTS,                       |
|                    C/O ANN FISHER-YAN                                 |
|                    29 ANNANDALE DRIVE                                 |
|                    SOUTH RUSELL    ,OH   44022-0000                   |
|                                                                        |
|                                                                        |
|                                                                        |
|                                                                        |
|                                                                        |
|                DATE:09/15/2008  CLERK:MARY H. HARRIS                  |
|                                       P.O. BOX 1810                    |
|                                       COLUMBIANA   AL   35051          |
|                                       (205)669-3760                    |
|                                 WEBSITE: HTTP://18JC.ALACOURT.GOV      |
------------------------------------------------------------------------
OPERATOR: ALS
PREPARED: 09/15/2008
```

RECEIVED AND FILED
MARY H. HARRIS

State of Ohio
County of Cuyahoga

# Affidavit of Process Server

In The Circuit Court of Shelby County, Alabama

AUG 18 2008

D 001

CIRCUIT & DISTRICT
COURT CLERK
SHELBY CO.

| Vulcan Marketing Inc | vs | Technical Consumer Products, Inc | 2008-900409 |
|---|---|---|---|
| **PLAINTIFF/PETITIONER** | | **DEFENDANT/RESPONDENT** | **CASE NUMBER** |

I, Mark Berus, an employee of Cleveland Service Agency, Inc., being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, that within the boundaries of the State of Ohio, I was authorized by law to perform said service, and that, to the best of my knowledge, the individual served is not an active member of a military service of the United States of America.

**Service:** I served
~~attempted to serve~~  Technical Consumer Products, Inc., c/o Ann Fischer-Yan
NAME OF PERSON / ENTITY BEING SERVED

With (list documents) Alias Summons; Complaint

| By leaving with | Cindy Miller | | Agent Authorized To Accept | at |
|---|---|---|---|---|
| | **NAME** | | **RELATIONSHIP** | |

| 325 Campus Drive | | Aurora Ohio 44202 | |
|---|---|---|---|
| **ADDRESS** | | **CITY / STATE** | |

| On | Tuesday | 08/12/2008 | AT | 01:40 PM |
|---|---|---|---|---|
| | **DAY** | **DATE** | | **TIME** |

**MANNER OF SERVICE:**

☐ **Personal:** By personally delivering copies to the person being served.

☐ **Substitute / Residence Service:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 and of suitable discretion and explaining the general nature of the papers.

☒ **Business Service:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.

***Note: Address on summons (29 Annadale Dr., Chagrin Falls OH 44022) is former residential address of registered agent, Ann Fischer-Yan. Service was made at current business address. ***

| Service attempts: | (1) | 08/07/2008 04:00 PM | (2) | 08/08/2008 02:00 PM | (3) | 08/08/2008 04:50 PM |
|---|---|---|---|---|---|---|
| | | **DATE / TIME** | | **DATE / TIME** | | **DATE / TIME** |

| Description: | Age | 30 | Sex | Female | Race | White | Height | 5'3" | Weight | 140 | Other |
|---|---|---|---|---|---|---|---|---|---|---|---|

SIGNATURE OF SPECIAL PROCESS SERVER
Cleveland Service Agency, Inc., PO Box 93447, Cleveland, OH 44101, (888)212-5614

**BRITTANY STAFFORD**
NOTARY PUBLIC-Cuyahoga County
My Commission Exp. June 28, 2012
Commission #2007-RE-186541

**SUBSCRIBED AND SWORN** to before me this 13th

day of August , 2008.

SIGNATURE OF NOTARY PUBLIC, STATE OF OHIO
(STAMPED EXPIRATION DATE)

CSA℠



ELECTRONICALLY FILED
8/20/2008 11:04 AM
CV-2008-900409.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

**IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA**

VULCAN MARKETING INC.,    )
    )
        Plaintiff,    )
    )
v.    )   **CIVIL ACTION NO. CV-2008-900409**
    )
TECHNICAL CONSUMER PRODUCTS,    )
INC.,    )
    )
        Defendant.    )

## NOTICE OF SERVCIE

Take notice that the undersigned has on the 19th day of August, 2008, served on counsel

of record the following:

    1.    Technical Consumer Products, Inc.'s First Request for Admissions to Plaintiff.

        *s/ Kip A. Nesmith*
        Victor L. Hayslip (HAY019)
        Kip A. Nesmith (NES007)
        Attorneys for Technical Consumer
        Products, Inc.

**OF COUNSEL:**

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
vhayslip@burr.com
knesmith@burr.com

1687953 v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

>Andrew P. Campbell
>Gregory A. Brockwell
>Campbell, Gidiere, Lee, Sinclair & Williams, PC
>2100-A SouthBridge Parkway, Suite 450
>Birmingham, AL  35209

>Daniel A. Crowson, Jr.
>Crowson, Morrison & Spann, LLC
>101 North Main Street
>P.O. Box 278
>Columbiana, AL  35051

>*s/ Kip A. Nesmith*
>OF COUNSEL



**AlaFile E-Notice**

58-CV-2008-900409.00

To: KIP ALLEN NESMITH
knesmith@burr.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VULCAN MARKETING, INC. v. TECHNICAL CONSUMER PRODUCTS, INC.
58-CV-2008-900409.00

The following discovery was FILED on 8/20/2008 11:04:42 AM

Notice Date:    8/20/2008 11:04:42 AM

**MARY HARRIS**
**CIRCUIT COURT CLERK**
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov

ELECTRONICALLY FILED
8/27/2008 2:18 PM
CV-2008-900409.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VULCAN MARKETING INC., )
)
        **Plaintiff,** )
)
v. )
)   **CIVIL ACTION NO. CV-2008-900409**
)
TECHNICAL CONSUMER PRODUCTS, )
INC., )
)
        **Defendant.** )

### TECHNICAL CONSUMER PRODUCTS, INC.'S
### ANSWER TO COMPLAINT

Defendant Technical Consumer Products, Inc. ("TCP" or "Defendant") hereby responds to Plaintiff's Complaint.

TCP answers the numbered paragraphs of the Complaint as follows:

### PARTIES

1. TCP is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and TCP therefore denies same.

2. Admitted.

3. TCP admits that its principal place of business is in Aurora, Ohio. TCP is without sufficient knowledge or information to either admit or deny the remaining allegations of this paragraph, and TCP therefore denies same.

4. Upon information and belief, admitted.

5. TCP denies the allegations of this paragraph related to fictitious parties, and demands strict proof thereof.

1687759 v1

## **BACKGROUND**

6. TCP admits that on or around June 16, 1997 it entered a contract with Plaintiff titled "Sales Representative Agreement". TCP further states that the terms of the Contract and any amendments thereto speak for themselves.

7. For its response to Paragraph 7 of the Complaint, TCP states that the terms of the Contract and any amendments thereto speak for themselves. TCP is otherwise without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and TCP therefore denies same.

8. TCP denies the material allegations of this paragraph and demands strict proof thereof.

9. TCP denies the material allegations of this paragraph and demands strict proof thereof.

10. The allegation in Paragraph 10 is a legal conclusion and thus no response from TCP is required. To the extent a response is required, TCP is without sufficient knowledge or information to either admit or deny the allegations of this paragraph, and TCP therefore denies same.

11. TCP denies the material allegations of this paragraph and demands strict proof thereof.

12. TCP denies the material allegations of this paragraph and demands strict proof thereof.

1687759 v1

-2-

## COUNT ONE

### FIRST BREACH OF CONTRACT

13.     TCP adopts and re-asserts its responses to each and every factual allegation in the Complaint, as if fully set forth herein.

14.     TCP denies the material allegations of this paragraph and demands strict proof thereof.

15.     TCP denies the material allegations of this paragraph and demands strict proof thereof.

16.     TCP denies the material allegations of this paragraph and demands strict proof thereof.

17.     TCP denies the material allegations of this paragraph and demands strict proof thereof.

## COUNT TWO

### SECOND BREACH OF CONTRACT

18.     TCP adopts and re-asserts its responses to each and every factual allegation in the Complaint, as if fully set forth herein.

19.     TCP denies the material allegations of this paragraph and demands strict proof thereof.

20.     TCP denies the material allegations of this paragraph and demands strict proof thereof.

21.     TCP denies the material allegations of this paragraph and demands strict proof thereof.

1687759 v1

22.     TCP denies the material allegations of this paragraph and demands strict proof thereof. TCP further denies that Plaintiff is entitled to the relief sought in this paragraph, or to any relief whatsoever.

## COUNT THREE

### PROMISSORY ESTOPPEL

23.     TCP adopts and re-asserts its responses to each and every factual allegation in the Complaint, as if fully set forth herein.

24.     TCP denies the material allegations of this paragraph and demands strict proof thereof.

25.     TCP denies the material allegations of this paragraph and demands strict proof thereof.

26.     TCP denies the material allegations of this paragraph and demands strict proof thereof.

27.     TCP denies the material allegations of this paragraph and demands strict proof thereof.

28.     TCP denies the material allegations of this paragraph and demands strict proof thereof.

29.     TCP denies the material allegations of this paragraph and demands strict proof thereof. TCP further denies that Plaintiff is entitled to the relief sought in this paragraph, or to any relief whatsoever.

## COUNT FOUR

### BREACHES OF FIDUCIARY DUTIES

30.    TCP adopts and re-asserts its responses to each and every factual allegation in the Complaint, as if fully set forth herein.

31.    TCP denies the material allegations of this paragraph and demands strict proof thereof.

32.    TCP denies the material allegations of this paragraph and demands strict proof thereof.

33.    TCP denies the material allegations of this paragraph and demands strict proof thereof.

34.    TCP denies the material allegations of this paragraph and demands strict proof thereof.

35.    TCP denies the material allegations of this paragraph and demands strict proof thereof.

36.    TCP denies the material allegations of this paragraph and demands strict proof thereof. TCP further denies that Plaintiff is entitled to the relief sought in this paragraph, or to any relief whatsoever.

37.    TCP denies the material allegations of this paragraph and demands strict proof thereof. TCP further denies that Plaintiff is entitled to the relief sought in this paragraph, or to any relief whatsoever.

## COUNT FIVE

## UNJUST ENRICHMENT

38.    TCP adopts and re-asserts its responses to each and every factual allegation in the Complaint, as if fully set forth herein.

39.    TCP denies the material allegations of this paragraph and demands strict proof thereof.

40.    TCP denies the material allegations of this paragraph and demands strict proof thereof.

41.    For its response to Paragraph 41 of the Complaint, TCP states that the terms of the Contract speak for themselves.  TCP otherwise denies the material allegations of this paragraph and demands strict proof thereof.

42.    TCP denies the material allegations of this paragraph and demands strict proof thereof.

43.    TCP denies the material allegations of this paragraph and demands strict proof thereof.

44.    TCP denies the material allegations of this paragraph and demands strict proof thereof.

45.    TCP denies the material allegations of this paragraph and demands strict proof thereof.  TCP further denies that Plaintiff is entitled to the relief sought in this paragraph, or to any relief whatsoever.

## COUNT SIX

### FRAUDULENT MISREPRESENTATION AND SUPPRESSION

46.     TCP adopts and re-asserts its responses to each and every factual allegation in the Complaint, as if fully set forth herein.

47.     TCP denies the material allegations of this paragraph and demands strict proof thereof.

48.     TCP denies the material allegations of this paragraph and demands strict proof thereof.

49.     TCP denies the material allegations of this paragraph and demands strict proof thereof.

## COUNT SEVEN

### CONSTRUCTIVE FRAUD

50.     TCP adopts and re-asserts its responses to each and every factual allegation in the Complaint, as if fully set forth herein.

51.     TCP denies the material allegations of this paragraph and demands strict proof thereof.

## PRAYERS FOR RELIEF

TCP denies that Plaintiff is entitled to the relief sought in the unnumbered paragraph beginning "WHEREFORE, premises considered", and further denies that Plaintiff is entitled to the relief sought in all of that paragraph's sub-parts, or to any relief whatsoever.

To the extent that any of the allegations in Plaintiff's Complaint have not been expressly admitted or denied, they are hereby denied and strict proof of each such allegation is hereby demanded.

1687759 v1

-7-

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every count thereof, fails to state a claim against TCP upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

TCP denies the material allegations of the Complaint, and demands strict proof thereof.

## THIRD AFFIRMATIVE DEFENSE

TCP avers the affirmative defenses of Release, Justification, Waiver, Laches and Estoppel, and all other matters that constitute an avoidance or affirmative defense.

## FOURTH AFFIRMATIVE DEFENSE

The alleged injuries to Plaintiff were proximately caused by the superseding and intervening acts of third parties other than TCP.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by contributory negligence.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Statute of Frauds.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by adjustment, modification and/or amendment of agreement.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of ratification, consent, and acquiescence.

1687759 v1

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained injury or damage as a result of the matters averred in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

No action by TCP was the actual cause of injury to Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

TCP denies that it breached any duty or obligation allegedly owed to Plaintiff or that it misrepresented any material fact to Plaintiff or that it omitted to state any material fact to Plaintiff and demands strict proof thereof.

## FOURTEENTH AFFIRMATIVE DEFENSE

TCP has at all times relevant hereto complied with all applicable laws, regulations, and standards, and the claims asserted by Plaintiff are, therefore, preempted under state and federal law, or either of them.

## FIFTEENTH AFFIRMATIVE DEFENSE

TCP denies that is responsible for any conduct which warrants the issue of punitive damages being submitted to a jury or allows Plaintiff to recover punitive damages. Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to TCP under the Constitution of the State of Alabama and the Constitution of the United States.

1687759 v1

## SIXTEENTH AFFIRMATIVE DEFENSE

TCP specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards articulated by the United States Supreme Court in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996), and the application thereof in *BMW of North America, Inc. v. Gore*, 701 So. 2d 507 (Ala. 1997).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by conduct of the Plaintiff amounting to fraud, bad faith, unclean hands, and/or the failure to do equity.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages and, in addition, affirmatively incurred damages for which it is solely responsible.

## NINETEENTH AFFIRMATIVE DEFENSE

TCP is entitled to a setoff and/or equitable adjustment for all sums of money owed to it by the Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

TCP is not liable for acts of its agents and/or employees that were done outside the line and scope of the agency and/or employment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

TCP is entitled to a setoff for all sums of money recovered by Plaintiff from any collateral sources, or recovered by or on behalf of the Plaintiff by way of any settlement,

judgment or otherwise which was entered into or received by the Plaintiff from any non-party in this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the economic loss doctrine.

## RESERVATION OF DEFENSES

TCP reserves the right to assert any additional defenses which may arise as discovery progresses or otherwise in the course of this litigation. To the extent that any of the allegations in Plaintiff's Complaint are not expressly admitted or denied, they are hereby denied and strict proof of each such allegation is hereby demanded.

Respectfully submitted,

Victor L. Hayslip (HAY019)
Kip A. Nesmith (NES007)
Attorneys for Technical Consumer
Products, Inc.

OF COUNSEL:

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
vhayslip@burr.com
knesmith@burr.com

1687759 v1

-11-

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by facsimile and certified mail, this 27th day of August, 2008:

> Andrew P. Campbell
> Gregory A. Brockwell
> Campbell, Gidiere, Lee, Sinclair & Williams, PC
> 2100-A SouthBridge Parkway, Suite 450
> Birmingham, AL 35209

> Daniel A. Crowson, Jr.
> Crowson, Morrison & Spann, LLC
> 101 North Main Street
> P.O. Box 278
> Columbiana, AL 35051

OF COUNSEL

1687759 v1



**AlaFile E-Notice**

58-CV-2008-900409.00

To: KIP ALLEN NESMITH
knesmith@burr.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

**VULCAN MARKETING, INC. v. TECHNICAL CONSUMER PRODUCTS, INC.**
**58-CV-2008-900409.00**

The following answer was FILED on 8/27/2008 2:18:41 PM

Notice Date:      8/27/2008 2:18:41 PM

**MARY HARRIS**
**CIRCUIT COURT CLERK**
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov

ELECTRONICALLY FILED
8/27/2008 2:53 PM
CV-2008-900409.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

**IN THE CIRCUIT COURT OF SHELBY COUNTY,**

| | | |
|---|---|---|
| **VULCAN MARKETING INC.** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CV No.: 2008-900409** |
| | * | |
| **TECHNICAL CONSUMER PRODUCTS, INC.** | * | |
| | * | |
| **Defendant.** | * | |

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

To:    Clerk of Court

Please take notice that the undersigned has this date caused to be served on all attorneys

and/or parties to this action the following:

( X )   **Plaintiff's Response to Defendant's First Request For Admission**

Respectfully submitted,

/s/ Gregory A. Brockwell
One of the Attorneys for Plaintiffs

**OF COUNSEL:**
Andrew P. Campbell (CAM009)
Gregory A. Brockwell (BRO209)
Campbell, Gidiere, Lee,
    Sinclair & Williams, PC
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
Telephone:    (205) 803-0051
Facsimile:    (205) 803-0053
acampbell@cgl-law.com
gbrockwell@cgl-law.com


Daniel A. Crowson
Crowson, Morrison & Spann LLC
101 North Main Street
P. O. Box 278
Columbiana, AL 35051
Telephone:    (205) 669-2820
Facsimile:    (205) 669-2829
dacrowsonlaw@bellsouth.net


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served, via electronic filing system, to the following counsel of record on August 27, 2008:

Victor Hayslip (HAY019)
Kip A. Nesmith (NES007)
BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203
(205) 251-3000
Fax: (205) 458-5100
vhayslip@burr.com
knesmith@burr.com

/s/ Gregory A. Brockwell
Of Counsel



**AlaFile E-Notice**

58-CV-2008-900409.00

To:  GREGORY AUSTIN BROCKWELL
gbrockwell@cgl-law.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

VULCAN MARKETING, INC. v. TECHNICAL CONSUMER PRODUCTS, INC.
58-CV-2008-900409.00

The following discovery was FILED on 8/27/2008 2:53:49 PM

Notice Date:  8/27/2008 2:53:49 PM

**MARY HARRIS**
**CIRCUIT COURT CLERK**
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov

ELECTRONICALLY FILED
9/3/2008 9:17 AM
CV-2008-900409.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

**IN THE CIRCUIT COURT OF SHELBY COUNTY,**

| | | |
|---|---|---|
| **VULCAN MARKETING INC.** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CV No.: 2008-900409** |
| | * | |
| **TECHNICAL CONSUMER PRODUCTS, INC.** | * | |
| | * | |
| **Defendant.** | * | |

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

To:    Clerk of Court

Please take notice that the undersigned has, on September 2, 2008, caused to be served on

all attorneys and/or parties to this action the following:

**( X )    Plaintiff's Notice of Rule 30(b)(6) Deposition of Defendant**
**(X )     Plaintiff's First Requests for Production to Defendant**

Respectfully submitted,

/s/ Gregory A. Brockwell
One of the Attorneys for Plaintiffs

Andrew P. Campbell (CAM009)
Gregory A. Brockwell (BRO209)
Campbell, Gidiere, Lee, Sinclair & Williams, PC
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
Telephone:    (205) 803-0051
Facsimile:    (205) 803-0053
acampbell@cgl-law.com
gbrockwell@cgl-law.com

Daniel A. Crowson
Crowson, Morrison & Spann LLC
101 North Main Street
Columbiana, AL 35051
Telephone:    (205) 669-2820
Facsimile:    (205) 669-2829
dacrowsonlaw@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served, via electronic filing system, to the following counsel of record on **September 3, 2008:**

Victor Hayslip (HAY019)
Kip A. Nesmith (NES007)
BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203
(205) 251-3000
Fax: (205) 458-5100
vhayslip@burr.com
knesmith@burr.com

> /s/ Gregory A. Brockwell
> Of Counsel



**AlaFile E-Notice**

**58-CV-2008-900409.00**

To:  NESMITH KIP ALLEN
knesmith@burr.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA**

**VULCAN MARKETING, INC. v. TECHNICAL CONSUMER PRODUCTS, INC.
58-CV-2008-900409.00**

The following discovery was FILED on 9/3/2008 9:17:13 AM

Notice Date:     9/3/2008 9:17:13 AM

**MARY HARRIS**
**CIRCUIT COURT CLERK**
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov

# EXHIBIT B

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| **VULCAN MARKETING INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )    **CIVIL ACTION NO. CV-2008-900409** |
| **TECHNICAL CONSUMER PRODUCTS,** | ) |
| **INC.,** | ) |
| | ) |
| **Defendant.** | ) |

### TECHNICAL CONSUMER PRODUCTS, INC.'S
### FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF

Pursuant to Rule 36 of the Alabama Rules of Civil Procedure, Defendant Technical Consumer Products, Inc. serves the following request for admissions on Plaintiff Vulcan Marketing, Inc. The answers must be served on the undersigned counsel on or before the 30th day following the service of the request.

### REQUEST FOR ADMISSIONS

**REQUEST NO. 1:**   Admit that you are seeking to recover more than $75,000.00 (excluding interest and costs) in this lawsuit.

**ANSWER:**

1687722 v1

-1-

Respectfully submitted,

Victor L. Hayslip (HAY019)
Kip A. Nesmith (NES007)
Attorneys for Technical Consumer
Products, Inc.

OF COUNSEL:

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
vhayslip@burr.com
knesmith@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by facsimile and certified mail, this 19th day of August, 2008:

Andrew P. Campbell
Gregory A. Brockwell
Campbell, Gidiere, Lee, Sinclair & Williams, PC
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209

Daniel A. Crowson, Jr.
Crowson, Morrison & Spann, LLC
101 North Main Street
P.O. Box 278
Columbiana, AL 35051

OF COUNSEL

1687722 v1

-2-

# EXHIBIT C

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | | |
|---|---|---|
| **VULCAN MARKETING, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **TECHNICAL CONSUMER PRODUCTS,** | ) | |
| **INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUESTS FOR ADMISSION

COMES NOW the Plaintiff, Vulcan Marketing, Inc., and responds to Defendant's First

Requests for Admission as follows:

Request No. 1:         Admit that you are seeking to recover more than $75,000.00

(excluding interest and costs) in this lawsuit.

**RESPONSE:**         **Admitted.**

Respectfully submitted,

Andrew P. Campbell
Gregory A. Brockwell

*Attorneys for Plaintiff*

**OF COUNSEL:**

Campbell, Gidiere, Lee,
        Sinclair & Williams, PC
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
Telephone:     (205) 803-0051
Facsimile:     (205) 803-0053

Daniel A. Crowson, Jr.
Crowson, Morrison & Spann LLC
101 North Main Street
P. O. Box 278
Columbiana, AL 35051
Telephone:     (205) 669-2820
Facsimile:      (205) 669-2829

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on all parties and/or their counsel of record by placing a copy of same in the United States mail, properly addressed and postage prepaid, on this the 27th day of August, 2008, as follows:

Victor L. Hayslip
Kip A. Nesmith
BURR & FORMAN, LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203

_____
OF COUNSEL