```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

VULCAN MARKETING, INC.,        }
                               }
     Plaintiff,                }
                               }       CIVIL ACTION NO.
v.                             }       08-AR-1765-S
                               }
TECHNICAL CONSUMER PRODUCTS,   }
INC.,                          }
                               }
     Defendant.                }
```

**<u>MEMORANDUM OPINION</u>**

Neither plaintiff, Vulcan Marketing, Inc. ("Vulcan"), nor defendant, Technical Consumer Products, Inc. ("Technical"), requested oral argument on Vulcan's motion appearing on this court's regular motion docket on January 16, 2009.  Accordingly, the court will rule without benefit of oral argument on Vulcan's motion to strike the amended answer and counterclaim filed by Technical without its first having obtained leave of court.  In response to Vulcan's motion, Technical has filed an offensively rancorous objection.

Technical removed this case to this court from state court based on the diversity of citizenship of the parties and the existence of the $75,000 in controversy required by 28 U.S.C. § 1332.  The state court complaint served on Technical on August 19, 2008, did not contain an *ad damnum*, but it sought to collect from Technical 5% of "net invoices", an allegation that, by an application of simple arithmetic to the other alleged facts, clearly revealed that the claim exceeded $75,000 in amount.  In

other words, the fact of removability first appeared on August 19, 2008. Instead of removing within thirty (30) days after August 19, 2008, when alerted to the existence of the essential elements for a § 1332 removal, Technical filed a request that Vulcan admit the obvious, namely, that it expects to recover more than $75,000. Pursuant to Alabama's procedural rules, Vulcan responded affirmatively to Technical's rhetorical question. Within thirty (30) days thereafter, but more than thirty (30) days after having been served with the original complaint, Technical removed the case to this court.

By not filing a motion to remand within thirty (30) days after the removal, Vulcan waived the obvious procedural defect occasioned by the untimeliness of the notice of removal. Vulcan was either pleased with forum to which it was dragged, or it is operating in the erroneous belief that Technical could have waited 11 months from receiving the complaint before asking the rhetorical question it asked, getting the anticipated answer, and thereafter removing the case minutes before the one year limitation on the removal of diversity cases provided by 28 U.S.C. § 1446(b).

After this unopposed removal, the parties conducted the planning meeting required by Rule 26(f), F.R.Civ.P., and filed their joint report, pursuant to which the court on October 16, 2008, entered a scheduling order ostentatiously styled "**SCHEDULING ORDER AND NOTICE TO ALL ATTORNEYS AND PARTIES, READ CAREFULLY**" (emphasis in original). *Inter alia*, the order provided:

>     Defendant shall have until December 29, 2008, to amend
>     the pleadings.

Nothing was said either in the report or the scheduling order about a counterclaim. Without seeking or obtaining leave of court, Technical, on December 29, 2008, purported to file both an amended answer and a counterclaim. Vulcan promptly moved to strike the purported pleadings for the reason that they were filed in violation of Rule 15(a)(2), F.R.Civ.P., that requires prior leave of court or the written consent of the opposing party.

In its surly response to Vulcan's motion, Technical says:

> In an era of ever-declining professionalism in
> Birmingham, Plaintiff's counsel has attempted to reach a
> new low by filing a Motion to Strike Defendant Technical
> Consumer Products, Inc.'s ("TCP" or "Defendant") First
> Amended Answer to Complaint and Counterclaim (doc. 13),
> which was filed prior to the December 29, 2008 deadline
> for amending the pleadings set forth by the Court's Rule
> 16 Scheduling Order (doc. 9). As grounds for its motion,
> Plaintiff asserts that TCP is required to file a formal
> motion for leave to amend, even for amendments filed
> prior to the Scheduling Order's deadline. Plaintiff's
> motion is completely without merit, as the Scheduling
> Order itself grants TCP leave to amend its Answer prior
> to December 29, 2008.

The court is pleased to learn that unprofessionalism has not crept beyond the borders of Birmingham.

Under the liberal rules for amending pleadings, this court would have granted a motion by Technical for leave to amend its answer and to file a counterclaim if such a motion was filed with the proposed pleadings, but no such motion was filed. Instead, Technical says that this court pre-granted the required Rule

3

15(a)(2) motion by the simple expedient of entering the scheduling order.  Technical's belief in this regard is erroneous.  What if Technical had timely filed a motion for leave to amend with an accompanying proposed amended answer that was facially futile or totally spurious?  Could a scheduling order that fixes a December 29, 2008 deadline for amending an answer mean that until December 29, 2008, the party with the said deadline can, with impunity, file whatever amendments he pleases, no matter how strange they may be?  Rule 15(a)(2) contemplates an opportunity for the court to take a peek before a pleading is docketed.  According to Technical's reading of the scheduling order, it could, without a single motion for leave, have amended its answer 40 times, so long as all 40 amendments were filed on or before December 29, 2008.  Presumptively, Technical believes that it could have also filed a counterclaim and several amendments to the counterclaim without formal leave, that is, if filed before December 29, 2008.  This is not how this court and other courts interpret Rule 15(a)(2), and it is certainly not what this court intended in its scheduling order.  This court regularly requires a formal motion for leave to amend during the period that precedes the cutoff date for amendments.

It was not unprofessional of Vulcan's counsel to expect opposing counsel to conform to this court's routine expectations, as well as to comply with the express instructions of Rule 15(a)(2).  This court's long-held understanding of Rule 15(a)(2)

was succinctly captured as recently as December 23, 2008, by the Eastern District of California in *David v. Ramey*, No. 04-06763, 2008 WL 5382004 (E.D. Cal. 2008), where it said:

> In the Discovery Order/Scheduling Order of April 28, 2008, Magistrate Judge Snyder stated, "The deadline for amending the pleadings shall be October 27, 2008." (Doc. # 36, p. 2.) **That order set a deadline for seeking leave to amend pleadings; it did not grant leave in advance to file unknown pleadings by that date**.

> (emphasis supplied).

There are judges who, if no objection or motion to strike is filed in response to pleadings filed without prior formal leave, deem them to contain an implied motion for leave, and allow the pleading to be docketed and considered.  This court is more of a stickler than that, believing that procedural rules have a purpose and must be followed.  This court has never entered a scheduling order that purported to grant leave in advance to file willy nilly amendments or counterclaims presenting new issues up until the deadline for pleadings.  Vulcan's deadline of December 29, 2008, for amending its pleadings has passed.  It has never asked leave to amend its answer or to file a counterclaim.  The court will not give it what it has not asked for.

The foregoing discussion leads the court to conclude that Vulcan's motion to strike should be granted.  It will be granted by separate order.

DONE this 21st day of January, 2009.

```
                                   _____
                                   WILLIAM M. ACKER, JR.
                                   UNITED STATES DISTRICT JUDGE
```