```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION

VULCAN MARKETING, INC.,        }
                               }
     Plaintiff,                }
                               }       CIVIL ACTION NO.
v.                             }       08-AR-1765-S
                               }
TECHNICAL CONSUMER PRODUCTS,   }
INC.,                          }
                               }
     Defendant.                }
```

### MEMORANDUM OPINION

In the opinion entered by this court in the above-captioned case on January 26, 2009, the court gave its reasons for striking the counterclaim that had been filed by defendant, Technical Consumer Products, Inc. ("Technical"), on December 29, 2008. The predominant reason was that the counterclaim had been filed without leave of court. The court there gratuitously opined:

> Under the liberal rules for amending pleadings, this court would have granted a motion by Technical for leave to amend its answer and to file a counterclaim if such motion had been filed on December 29, 2008 . . . .

*Vulcan Marketing, Inc. v. Technical Consumer Products, Inc.*, 597 F. Supp. 2d 1266 (N.D. Ala. 2009).

On February 20, 2009, Technical filed two motions, the first seeking reconsideration of the order of January 26, 2009, and the second seeking leave to file the same amended answer and the same belated counterclaim as previously proposed. In order to react to these motions, the court must first re-think the answer it gave on January 26, 2009, to an unasked hypothetical question, namely,

"What would this court have done if Technical on December 29, 2008, had filed a motion for leave to file a counterclaim?" The seminal fact is, of course, that Technical did **not** file such a motion on December 29, 2008, or at any other time before February 20, 2009.

Upon further reflection, and in light of the briefs and arguments for and against Technical's current motions, the court is inclined to believe plaintiff, Vulcan Marketing, Inc. ("Vulcan"), when it says that it would have just as vigorously opposed Technical's motion for leave on December 29, 2008, as it is now opposing Technical's motion. Because Vulcan's reasons for opposing Technical's present motion are persuasive and would have been equally persuasive on December 29, 2008, the court hereby retreats from its above-quoted language of January 26, 2009, which is inconsistent with what the court now finds to be good reason for denying Technical's motion insofar as it seeks leave to file a counterclaim, while the court finds no reason not to allow Technical innocuously to amend its answer.

Vulcan filed this action on June 11, 2008, in the Circuit Court of Shelby County, Alabama. Technical filed its answer in that court on August 27, 2008, without including a counterclaim and without reserving or purporting to reserve any right to file a counterclaim. On August 27, 2008, Rule 13(a), Ala.R.Civ.P., provided in pertinent part:

> *(a) Compulsory counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the

2

>   pleading the pleader has against any opposing party, if
>   it arises out of the transaction or occurrence that is
>   the subject matter of the opposing party's claim . . . .

This Alabama procedural language is virtually identical to the language of Rule 13(a), Fed.R.Civ.P., which similarly provides:

>   **(a) Compulsory Counterclaim**.
>   *In General*. A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
>   **(A)** arises out of the transaction or occurrence that is the subject matter of the opposing party's claim
>   . . . .

On September 24, 2008, Technical removed the case to this court. With its notice of removal, it did not attempt to add a counterclaim. See Rule 81(c), Fed.R.Civ.P. After the parties had conducted the planning meeting required by Rule 26(f), Fed.R.Civ.P., this court on October 16, 2008, entered the scheduling order that presaged the opinion of January 26, 2009. That order not only set December 29, 2008, as the deadline for Technical to amend its pleadings, but also provided that expert reports from Vulcan were due by January 30, 2009, and from Technical by February 27, 2009. Both of these dates have now passed without any requests for an extension. During oral argument on March 13, 2009, the court learned that no expert reports have been prepared or furnished by either party to the other. Vulcan contends that expert testimony would have been necessary if Technical had filed a counterclaim in a timely manner, and that

experts will be necessary if Technical is now allowed to pursue a counterclaim.

Technical not only seeks reconsideration of the order that struck the counterclaim it filed on December 29, 2008, but invokes Rule 13(f), Fed.R.Civ.P., which sets forth grounds that it argues should allow it at this late hour to file the same previously stricken counterclaim. Rule 13(f) provides:

> **(f) Omitted Counterclaim.** The court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires.

Unless vacated, the ruling of January 26, 2009, will be dispositive as to all issues purportedly raised in the stricken counterclaim. Not only is a defendant's failure to file a compulsory counterclaim preclusive of the issues that could have been raised in the counterclaim, but it also bars any subsequent separate action that attempts to raise such issues. *See Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1381-1382 (11th Cir. 1991). There is no need to describe Technical's proposed counterclaim to see if it arises from the same nexus of operative facts as the claims made in Vulcan's complaint, or to determine whether Technical knew the facts essential to stating a counterclaim when it was served with the original complaint. Technical concedes that its counterclaim is a compulsory counterclaim and that it knew facts sufficient for preparing a counterclaim on August 27, 2008, and therefore that Rule 13(a)

4

(whether under the Alabama version or the federal version) required that its counterclaim be filed with its answer.  If on December 29, 2008, Technical had sought leave to file its proposed counterclaim, four months after it had filed its answer, after discovery had begun, and in the face of a scheduling order that did not mention the word "counterclaim", and if Vulcan had objected, this court, in all probability would have denied Technical's motion, despite what this court inadvertently inserted in its January 26, 2009 opinion.

Technical could, of course, have asked for a certification pursuant to 28 U.S.C. § 1292(b) for an interlocutory appeal of the January 26, 2009 order.  Instead, it waited from January 26, 2009, until February 20, 2009, to request reconsideration or for leave to file a belated, belated counterclaim, relying upon the grounds provided by Rule 13(f), Fed.R.Civ.P., namely, that its compulsory counterclaim was omitted through oversight, or through inadvertence, or through excusable neglect, or because justice requires it.  When deciding whether or not Technical's glaring omission of August 27, 2008, was occasioned by "oversight", or by "inadvertence", or by "excusable neglect", the court is called upon to consider the overall circumstances.  These are words that call for a careful exercise of judicial discretion.  When deciding what "justice requires", the court again must consider the overall circumstances, including the degree of prejudice that would be suffered by the opposing party if a late counterclaim is allowed.

*Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 420-421 (4th Cir. 1990).  Dilatory conduct constitutes inexcusable neglect, not excusable neglect.  Although a trial court retains the right to change its mind on an interim ruling until final judgment is entered, so that a so-called "motion for reconsideration" (something nowhere recognized in the Federal Rules of Civil Procedure) can theoretically be filed long after the matter to be "reconsidered" has been considered and decided, the ten day time limit provided by Rule 59(e), Fed.R.Civ.P., for motions for new trial suggests to this court that a "motion for reconsideration" can be considered dilatory if filed almost a month after the issues presented have been considered and decided.  It is not necessary to find bad faith by a movant in order to deny it the right to file a compulsory counterclaim that, in this case, should have been filed no later than August 27, 2008.

In light of the foregoing, this court cannot find any of the elements available in Rule 13(f) to justify permitting Technical to file a counterclaim at this juncture.  Vulcan's objections to Technical's proposed amended answer are desultory, probably because Vulcan only opposes the amended answer out of fear that it might succeed in greasing the skids for the counterclaim.  The proposed amendment to Technical's answer is innocuous.  It contains no surprises.  The liberality of amendment provided by Rule 15, Fed.R.Civ.P., justifies the allowance of the amended answer, while

6

a late counterclaim that under Rule 13(a) **"must"** have been filed on August 27, 2008, but was not, cannot be justified merely by an invocation of Rule 13(f). The addition of a counterclaim this long after August 27, 2008, and in violation of the unamended scheduling order, would alter this case fundamentally, and would unduly prejudice Vulcan.

Because the separate order effectuating this opinion not only will preclude Technical's assertion of a counterclaim in this case, but will preclude Technical from hereinafter filing a separate action that presents the same claims, the court will include a certification pursuant to 28 U.S.C. § 1292(b) in its order.

DONE this 9th day of April, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE